**GOTTLIEB & ASSOCIATES PLLC**
**ATTORNEYS**

150 E. 18 St., Suite PHR, New York, NY 10003
212 228-9795   www.gottlieblaw.net

July 29, 2024

<u>VIA ECF</u>
The Honorable Analisa Torres
United States District Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

      Re: *Thorne v. Denny's Fashion LLC*
        <u>Case No.: 1:24-cv-04031 (AT) (SN)</u>

Dear Judge Torres,

  Counsel for Plaintiff, Braulio Thorne, On Behalf of Himself and All Other Persons Similarly Situated ("Plaintiff"), and Counsel for Defendant, Denny's Fashion LLC, ("Defendant") (collectively, the "Parties") in the above-referenced case write jointly pursuant to Your Honor's Order on May 29, 2024 (Dkt. 6).

**1. Brief Statement of the Nature of the Action and Principal Defenses**

<u>Plaintiff's Statement:</u>

  This is a website accessibility case under Title III of the Americans with Disabilities Act, and state and local laws. Defendant owns and operates the website www.shopdennys.com/, (the "Website") and advertises, markets, distributes, and/or sells its services in New York State. Defendant's website is, however, not designed to be read by screen-reading software. Because of this, Plaintiff encountered broken links, empty links that contain no text, and various other barriers that thwarted the Plaintiff's attempt to buy a table. As a result, the Plaintiff was unable to access vital information relating to information relating to purchasing, and other products available online for purchase and to ascertain information relating to pricing, shipping, ordering merchandise and return and privacy policies, and therefore she was denied access to the website equal to sighted individuals.

  Plaintiff, Braulio Thorne, is legally blind and cannot use a computer without the assistance of screen-reading software: this is software that vocalizes the visual information found on a computer screen or displays the content on a Braille display. Defendant's website is, however, not designed to be read by screen-reading software. Because of this, Plaintiff encountered broken links, empty links that contain no text, and various other barriers that thwarted the Plaintiff's

attempt to purchase a table from the Defendant's website and therefore denied his access to the website equal to sighted individuals.

Defendant's website is a place of public accommodation in and of itself because its Website is wholly interactive and it participates in New York's economic life by clearly performing business over the Internet. Through its Website, Defendant entered into contracts for the sale of its products and services with residents of New York. These online sales contracts involve, and require, Defendant's knowing and repeated transmission of computer files over the Internet. *See Reed v. 1-800-Flowers.com, Inc.*, 327 F. Supp. 3d 539 (E.D.N.Y. 2018) (exercising personal jurisdiction over forum plaintiff's website accessibility claims against out-of-forum website operator); *Andrews v. Blick Art Materials*, LLC, 286 F. Supp. 3d 365 (E.D.N.Y. 2017).

The Second Circuit has held the protections of Title III of the ADA extend beyond physical structures. *See Pallozzi v. Allstate Life Ins. Co.*, 198 F.3d 28 (2d Cir. 1999). In *Pallozzi*, the Court of Appeals held Title III requires not only that a "place of public accommodation" be physically accessible by the disabled, but also the goods or services there offered cannot be denied on the basis of disability. *Id.* at 31 ("We believe an entity covered by Title III is not only obligated by the statute to provide disabled persons with physical access, but is also prohibited from refusing to sell them its merchandise by reason of discrimination against their disability."). Consistent with that decision, every District Court within the Second Circuit to address this issue has held a company's website that is integrated with a physical structure constitutes either a "place of public accommodation" or a "service of" a place of public accommodation under Title III of the ADA. *See Suvino v. Time Warner Cable*, No. 16-cv-7046 (S.D.N.Y. Aug. 31, 2017) (Swain, J.); *Andres v. Blick Art Materials, LLC,* No. 17-cv-767, 2017 U.S Dist. Lexis 121007 (E.D.N.Y. Aug. 1, 2017) (Weinstein, J.); *Markett v. Five Guys Enters., LLC*, No. 17-cv-788, 2017 US Dist. Lexis 115212 (S.D.N.Y. July 21, 2017) (Forrest, J.). These District Courts accordingly held a company violates the ADA when it fails to make their websites equally accessible to the visually impaired, as it denies them full and equal opportunity to enjoy the services of the website and physical structures. *Id.*

Defendant's Statement

Defendants respectfully submit that Plaintiff lacks standing to seek relief. "'Standing to sue is a doctrine' that 'limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong.'" See Liberian Cmty. Ass'n of Conn. v. Lamont, 970 F.3d 174, 183-84 (2d Cir. 2020) "To establish Article III standing, 'a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief.'" See Liu v. Democratic Nat'l Comm., No. 21-CV-3021, 2022 WL 4372587, at *1 (2d Cir. Sept. 22, 2022).

"[A] plaintiff seeking injunctive or declaratory relief cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he or she will be injured in the future." See Choi's Beer Shop, LLC v. PNC Merck Servs. Co., L.P., 855 Fed. Appx. 20, 21 (2d Cir. 2021). To seek injunctive and declaratory relief, a plaintiff's standing "depend[s] on whether [that plaintiff] [is] likely to suffer future injury" based on the alleged conduct. See City of Los Angeles v. Lyons,

461 U.S. 95, 105 (1983). The risk of future harm must be "real and immediate," although it need not be certain. See Shain v. Ellison, 356 F.3d 211, 215–16 (2d Cir. 2004) (citations omitted). A plaintiff has standing to seek injunctive relief for disability discrimination "where (1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' [services] to plaintiff's home, that plaintiff intended to return to the subject location." See Bernstein v. City of New York, 621 Fed. Appx. 56, 57 (2d Cir. 2015) (per curiam) (citing Kreisler v. Second Ave. Diner Corp., 731 F.3d 184, 187–88 (2d Cir. 2013)). A plaintiff must make a "substantial showing before determining that future encounters are likely." See Constance v. State Univ. of N.Y. Health Sci. Ctr. at Syracuse, 166 F. Supp. 2d 663, 666 (N.D.N.Y. 2001) (collecting cases).

2. **Subject Matter Jurisdiction and Venue**

   Plaintiff's Statement:

The Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C. § 12181, as Plaintiff's claims arise under Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, and 28 U.S.C. § 1332. Venue is proper in this district under 28 U.S.C. §1391(b)(1) and (2) because Defendant conducts and continues to conduct a substantial and significant amount of business in this District.

   Defendant's Statement: Defendant agrees that subject matter jurisdiction exists as a federal question is present due to the claims made under the Americans with Disabilities Act. However, Defendant contends that venue is improper here as the Defendant's principal place of business is in the Eastern District of New York and Plaintiff has not made any allegations of the alleged conduct in this case occurring in the Southern District of New York.

3. **Contemplated Motions**

Plaintiff's Response

   Following the close of discovery, Plaintiff anticipates making a Summary Judgment motion as well as a motion for Class Certification. Additionally, Plaintiff anticipates that a trial in this matter would last no more than 3-5 days.

Defendant's Response

   Defendant intends to file a motion to change venue and subsequently file a motion to dismiss for failure to state a claim upon which relief can be granted based on standing and any other grounds.

4. **Discovery**

Discovery has not yet taken place.

5. **Settlement**

The parties have not engaged in settlement negotiations and do not believe any negotiations will be productive therefore a settlement conference is necessary at this time. Plaintiff would like to participate in the District's Mediation Program.  Defendant is open to discussing settlement and seeks a demand from Plaintiff together with damage computations pursuant to Rule 26. Defendant respectfully submits that a settlement conference before a magistrate judge is appropriate in this case, with all parties and counsel present, and this Court is authorized to issue Orders requiring same pursuant to Rule 16.

6. **Estimated Length of Trial**
   3-4 Days

We sincerely thank Your Honor and this Court for its time and attention to this matter.

Respectfully submitted,                                Respectfully submitted,

*/s/Jeffrey M. Gottlieb, Esq.*                         */s/ Emanuel Kataev, Esq.*
Jeffrey M. Gottlieb, (JG-7905)                         Emanuel Kataev, Esq.
Gottlieb & Associates                                  Sage Legal LLC
150 East 18th Street, Suite PHR                        18211 Jamaica Avenue
New York, NY 10003                                     Jamaica, NY 11423-2327
Phone: (212) 228-9795                                  (718) 412-2421 (office)
Fax: (212) 982-6284                                    (718) 489-4155 (facsimile)
Jeffrey@Gottlieb.legal                                 emanuel@sagelegal.nyc
*Attorneys for Plaintiffs*                             *Attorneys for Defendant*