# Sage Legal LLC
18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 09/30/2024

**VIA ECF**
United States District Court
Southern District of New York
<u>Attn</u>: Hon. Analisa Torres, U.S.D.J.
500 Pearl Street
Courtroom 15D
New York, NY 10007-1312

   *Re:* **Thorne v. Denny's Fashion LLC,** *et ano.*
      **Case No.: 1:24-cv-4031 (AT) (SN)**

Dear Judge Torres:

  This firm represents the Defendant in the above-referenced case, who respectfully submit this letter motion in accordance with ¶¶ III(A) and I(C) of this Court's Individual Practices in Civil Cases (hereinafter the "Individual Rules") to respectfully request a pre-motion conference in anticipation of Defendants' motion to dismiss Plaintiff's Complaint, ECF Docket Entry 1, pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter "Rules" or "Rule"), and for an extension of time, *nunc pro tunc*, for Defendant to respond to the complaint.

**Plaintiff Lacks Standing to Sue and the Complaint Fails to State a Claim**

  Plaintiff Braulio Thorne (hereinafter "Plaintiff" or "Thorne") alleges in his complaint that he tried to purchase an "Under Armour Tech Tee" on Defendant's website on March 5, 2024 but encountered barriers that denied him full and equal access to Defendant's website because he is a blind, visually-impaired handicapped person. <u>See</u> ECF Docket Entry 1 ¶¶ 29-30. He alleges further that intends to "immediately revisit the Website from the Defendant as soon as the access barriers are removed." <u>See</u> <u>Id.</u> at ¶ 33.

  "'Standing to sue is a doctrine' that 'limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong.'" <u>See</u> <u>Liberian Cmty. Ass'n of Conn. v. Lamont</u>, 970 F.3d 174, 183-84 (2d Cir. 2020) "To establish Article III standing, 'a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief.'" <u>See</u> <u>Liu v. Democratic Nat'l Comm.</u>, No. 21-CV-3021, 2022 WL 4372587, at *1 (2d Cir. Sept. 22, 2022).

  "[A] plaintiff seeking injunctive or declaratory relief cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he or she will be injured in the future." <u>See</u> <u>Choi's Beer Shop, LLC v. PNC Merck Servs. Co., L.P.</u>, 855 Fed. Appx. 20, 21 (2d Cir. 2021). To seek injunctive and declaratory relief, a plaintiff's standing "depend[s] on whether [that plaintiff] [is] likely to suffer future injury" based on the alleged conduct. <u>See</u> <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 105 (1983). The risk of future harm must be "real and immediate," although it need not be certain. <u>See</u> <u>Shain v. Ellison</u>, 356 F.3d 211, 215–16 (2d Cir. 2004) (citations omitted).

A plaintiff has standing to seek injunctive relief for disability discrimination "where (1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' [services] to plaintiff's home, that plaintiff intended to return to the subject location." See Bernstein v. City of New York, 621 Fed. Appx. 56, 57 (2d Cir. 2015) (*per curiam*) (citing Kreisler v. Second Ave. Diner Corp., 731 F.3d 184, 187–88 (2d Cir. 2013)). A plaintiff must make a "substantial showing before determining that future encounters are likely." See Constance v. State Univ. of N.Y. Health Sci. Ctr. at Syracuse, 166 F. Supp. 2d 663, 666 (N.D.N.Y. 2001) (collecting cases).

Plaintiff fails to establish an injury in fact under the Americans with Disabilities Act ("ADA") because he does not offer any "non-conclusory factual allegations" that demonstrate a plausible intention to return to Defendant's website but for the barriers to access. See NECAIBEW Health & Welfare Fund v. Goldman Sachs & Co., 693 F.3d 145, 156 (2d Cir. 2012). Instead, the complaint merely asserts in a conclusory manner that Plaintiff intends to attempt to access the website in the future. See Suris v. Crutchfield New Media, LLC, No. 1:22-CIV.-6961 (NRM) (RML), 2023 WL 3792512, at *3 (E.D.N.Y. June 2, 2023) ("The Plaintiff … intend[s] to revisit the Website for … products [he] can purchase …"). Where a plaintiff offers no explanation as to what products he intends to return to purchase, why he is interested in purchasing those products, or any "description of concrete plans" or "specification of when the 'some day'" he plans on returning will be, he cannot establish standing. See Harty v. W. Point Realty, Inc., 28 F.4th 435, 443 (2d Cir. 2022) (internal quotation marks and citations omitted) ("[S]ome day intentions ... do not support a finding of the actual or imminent injury that Article III requires"). Here, while Plaintiff alleges he intends to attempt to access Defendant's website in the future, he altogether fails to provide any description of concrete plans or specification of when the "future" day he plans on returning will be. Therefore, the Plaintiff lacks standing to sue.

Defendant also respectfully submits that the complaint fails to state a claim upon which relief can be granted. To state a claim under the ADA, a plaintiff must allege: "(1) [that] he or she is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the plaintiff within the meaning of the ADA." See Roberts v. Royal Atl. Corp., 542 F.3d 363, 368 (2d Cir. 2008) (citation omitted). Here, while Plaintiff adequately pleads that he is disabled and that Defendant owns a website, Defendant respectfully submits the complaint fails to adequately allege that Defendant discriminated against the Plaintiff. "With respect to the third element, 'a plaintiff can base a disability discrimination claim on any of three available theories: (1) intentional discrimination (disparate treatment); (2) disparate impact; and (3) failure to make a reasonable accommodation.'" See Jones v. Thomas, 2020 WL 5077026, at *3 (S.D.N.Y. Aug. 27, 2020) (quoting Brief v. Albert Einstein Coll. of Med., 423 Fed. Appx. 88, 90 (2d Cir. 2011)); see also Lopez v. City of New York, 2017 WL 4342203, at *10 (S.D.N.Y. Sept. 28, 2017), report and recommendation adopted, 2018 WL 1371164 (S.D.N.Y. Mar. 15, 2018). "To bring a reasonable accommodation claim, a plaintiff must show '(1) [ ]he suffers from a disability (2) known to the defendant, for which (3) a reasonable accommodation is necessary for the plaintiff's enjoyment of the facility, and (4) the defendant refused the accommodation.'" See Jones, 2020 WL 5077026, at *3 (S.D.N.Y. Aug. 27, 2020) (quoting Lopez, 2019 WL 3531955, at *4 (S.D.N.Y. Aug. 2, 2019), report and recommendation adopted, 2019 WL 4593611 (S.D.N.Y. Sept. 23, 2019)).

2

Plaintiff has failed to plead any facts related to the third and fourth elements and, as such, the complaint must be dismissed for failure to state a claim. Accordingly, this Court should grant Defendant's letter motion for a pre-motion conference in anticipation of its motion to dismiss for lack of standing and failure to state a claim upon which relief can be granted.

**Good Cause Exists for an Extension of Time to Respond to the Complaint *Nunc Pro Tunc***

Rule 6 provides that the Court may, for good cause, extend the time – with or without motion or notice if a request is made before the original time or its extension expires – for any act that must be done within a specified time. See Fed. R. Civ. P. 6(b)(1)(A). Here, good cause exists for an extension of time *sine die* because your undersigned was involved in substantial preparation for a continued evidentiary hearing before the Hon. Pamela K. Chen, U.S.D.J. which took place on September 25, 2024 among other deadlines and appearances. Further, Plaintiff consented to a thirty (30) day extension of time, until October 6, 2024, for Defendant to respond to the complaint and Defendant is filing its response to the complaint well in advance of that date.

Based on the foregoing, Defendants respectfully submit that their letter motion for a pre-motion conference and for an extension of time be granted. Defendants thank this honorable Court for its time and attention to this case.

Dated: Jamaica, New York

---

Defendants' request for a pre-motion conference is, at this time, DENIED. Pursuant to Section III.A.ii of the Court's Individual Practices in Civil Cases, Plaintiff may respond to Defendants' letter motion by **October 4, 2024**, at which time the Court will grant or deny Defendants leave to file their motion to dismiss.

Defendants' request for an extension of time to respond to the complaint *nunc pro tunc* is GRANTED.

SO ORDERED.

Dated: September 30, 2024
         New York, New York

ANALISA TORRES
United States District Judge