**GOTTLIEB & ASSOCIATES PLLC**
**ATTORNEYS**

150 E. 18 St., Suite PHR, New York, NY 10003
212 228-9795    www.gottlieblaw.net

October 2, 2024

<u>VIA ECF</u>
The Honorable Analisa Torres
United States District Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:  *Thorne v. Denny's Fashion LLC,*
          <u>Case No.: 1:24-cv-4031</u>

Dear Judge Torres,

  The undersigned represents Braulio Thorne, on behalf of himself and all other persons similarly situated ("Plaintiff") in the above-referenced matter against Denny's Fashion LLC, ("Defendant"). Pursuant to Section III.A.ii of Your Honor's Individual Practices in Civil Cases, we oppose Defendant's request for a Pre-Motion Conference with respect to their anticipated motion to dismiss. For the reasons stated below, the Court should deny Defendant's request.

**The Defendant did not comply with Your Honor's Individual Rules:**

  Your Honor's Individual Rules (III. B. ii-iii) outline the correct procedures for exchanging pre-motion letters as well as the timing of such letters. This mechanism allows the Parties to discuss a possible resolution or clear up any alleged deficiencies before wasting the Court's precious time and resources. The Plaintiff was not given the opportunity to discuss the pre-motion letter or exchange their own in anticipation of the Defendant's Motion to Dismiss and more specifically the Plaintiff is prejudiced because under Rule III. B. ii., the Plaintiff has the opportunity to seek leave after the first exchange of letters, but before the second exchange. The Plaintiff should not be prejudiced because the Defendant chose to ignore your Honor's Individual Rules.

**The filing of a pre-motion letter is a dilatory tactic to circumvent responding to the Plaintiff's discovery demands:**

The Plaintiff timely served the Defendant with its Initial Disclosures, Requests for Production of Documents and Interrogatories on August 29, 2024. To date, the Defendant has not responded to discovery and has not served the Plaintiff with any discovery of their own, the deadline to serve the other party with Requests for Production of Documents and Interrogatories was August 31, 2024. Ordinarily the time to respond to the other party's discovery is 30 days, it has now been 36.

**The Defendant agreed for this matter to be immediately referred to ADR:**

Pursuant to the case management plan agreed upon by the parties, section 10.b, Counsel for both parties agreed that ADR would be beneficial in this matter, while the Defendant prefers a settlement conference before a magistrate judge and the Plaintiff prefers mediation with the District's Mediation Program, the timing for which this mechanism would be employed pursuant to section 10.c. was "as soon as possible", therefore the Plaintiff respectfully requests that prior to any filing of a motion to dismiss, the Parties be referred to mediation as agreed upon before the timely and costly motion practice ensues.

Further, the Plaintiff believes a response to the Defendant's 12(b)(1) and 12(b)(6) is inappropriate and premature at this time and therefore reserves the right to supplement its response when the timing is ripe. For these reasons, we respectfully request the Defendant's request for a pre-motion conference be denied. We also respectfully request that this matter is immediately referred to the Southern District's Mediation program. In the event that the Defendant's request for a pre-motion conference is granted, the Plaintiff respectfully requests Your Honor allow the Plaintiff 30 days to file an Amended Complaint which will clear up any alleged deficiencies raised by the Defendant in their pre-motion letter.

Respectfully submitted,

*/s/Michael A. LaBollita, Esq.*
Michael A. LaBollita, Esq.

cc: All counsel of record via ECF